UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ASSOCIATED PRODUCE LLC,

        Plaintiff,

 - against -

WHITE ROSE INCORPORATED,
945 MEAT AND PRODUCE CORPORATION
d/b/a FOOD FAIR MARKET, and ROBERT
DIAZ,

        Defendants.
------------------------------------------------------------------x

Case no. *09 CV 6673* (SAS)

**Order To Show Cause For
Preliminary Injunction with
Temporary Restraining Order**

Assigned to Shira A. Scheindlin, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/09

This matter is before the Court upon Plaintiff's Application for Preliminary Injunction with Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the complaint heretofore served and filed in this action and the affidavit of Plaintiff's representative Lee Pakulsky, sworn to on the 4th day of August, 2009, that Plaintiff is a produce creditor of Defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c) and has not been paid for produce in the amount of Fifty-Seven Thousand, One Hundred Twenty-Six and 55/100 Dollars ($57,126.55) supplied to Defendants, as required by the PACA. It is also clear that defendant 945 Meat and Produce Corporation ("945") has violated and continues to violate their obligations pursuant to PACA on and after June 1, 2009, by having made payments from PACA Trust assets to a third party, White Rose Incorporated ("White Rose"), its landlord and groceries supplier (a) for rental of the warehouse wherein 945 conducts business, and (b) to purchase new inventory to sell in its Food Fair Supermarket. It is also clear that defendant 945 is in severe financial jeopardy in that payment has not been

made and that 945's payment instruments have not been honored. Instead, Defendants continue to dissipate its PACA trust assets. As a result, it appears that, in violation of Federal law, the PACA trust assets are threatened with continuing dissipation.

As a result, it appears that the PACA Trust assets are threatened with dissipation. See Frio Ice, S.A. v. Sunfruit Inc., 918 F.2d 154 (11th Cir.1990). If notice is given to Defendants of the pendency of this motion for preliminary injunction, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4(1953), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 46 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust, 7 U.S.C. §499e(c)(4).

In accordance with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of New York,

**ORDERED**, that the above named Defendants 945 and Robert Diaz ("Diaz") show cause before the Hon. Shira A. Scheindlin, presiding at the United States Courthouse, 500 Pearl Street, Room 15 C, New York, New York on August 12, 2009 at 4:30 P.M of that day, or as soon thereafter as counsel may be heard, why an order should not issue pursuant to the Federal Rules of Civil Procedure, Rule 65, requiring Defendants, during the pendency of this action to place in trust, the sum $57,126.55 in an interest bearing escrow account in care of Andrew Squire Esq., as attorney for Plaintiff herein, in satisfaction of the Defendants' trust obligations under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(e); and it is further,

**ORDERED,** that Defendants 945 and Diaz, their customers, agents, officers, subsidiaries, assigns, suppliers, landlord and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Defendants, 945 and Diaz, or their subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until payment is made to Plaintiff the sum of $57,126.55 by cashier's check or certified

check, at which time this Order is dissolved; and it is further,

**ORDERED,** that in the event Defendants 945 and Diaz fail to pay Plaintiff $57,126.55 by cashier's check or certified check within two (2) business days of service of this Order, then Defendants 945 and Diaz shall file with this Court with a copy to Plaintiff's counsel an accounting which identifies all of their assets, liabilities and each account receivable of 945 signed under penalty of perjury by a corporate official; and that Defendants 945 and Diaz shall also supply to Plaintiff's counsel within five (5) days of the date of this Order any and all documents in connection with the assets and liabilities of 945 and their related, affiliated and/or subsidiary companies, including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further,

~~**ORDERED**, that Defendants shall post a Bond in the sum of $57,126.55 in the event that said Defendants 945 and Diaz are unable to timely deposit $57,126.55 with Plaintiff's counsel, in accordance with this Order; and it is further,~~ *SAS*

**ORDERED,** that service of a copy of this order and the papers upon which it is based be served by personal service or by 1st Class mail or by Federal Express or by USPS Express Mail overnight delivery service upon each of the Defendants at 956 Market Street, Patterson, NJ, 07513, on or before __10__ o'clock in the ~~fore~~ noon on August __11__, 2009, shall be deemed good and sufficient service. Opposition papers shall be filed with the Court (with a courtesy copy for Chambers) and served on Plaintiff's attorney by August __12__, 2009. *at 12 noon*

This Temporary Restraining Order is entered this __10__ day of __August__, 2009 at __2:45 pm__. A hearing on Plaintiff's motion for preliminary injunction is set for the __12__ day of __August__, 2009 at __4:30__. Plaintiff shall forthwith serve Defendants and their counsel, if any, with a copy of this order.

*[signature]*
United States District Judge